UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA MENDOZA,<br><br>   Plaintiff,<br><br>  v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>   Defendant. | Case No. 18-CV-06414-LHK<br><br>**ORDER ON DISPUTES IN JOINT PRETRIAL STATEMENT**<br><br>Re: Dkt. No. 99 |

Before the Court are disputes raised by the parties in their Joint Pretrial Statement, ECF No. 99 ("JPS"). Plaintiff Donna Mendoza ("Mendoza") raises the issue of whether Indiana or California law applies to Mendoza's claim for punitive damages. The Court resolves that issue below.

Defendant Intuitive Surgical, Inc. ("Intuitive") filed only one motion in limine even though the Court allotted each party three motions in limine. Instead of filing additional motions in limine, Intuitive identified multiple evidentiary disputes in the parties' Joint Pretrial Statement. Intuitive asserts that it "will move" to resolve these disputes. JPS at 20–21. Yet the time for evidentiary motions was before the pretrial conference. The Court will not entertain more pretrial evidentiary motions. Even so, to streamline the parties' trial preparation, to give the parties the

1

1  Court's rulings before the parties' settlement conference, and to avoid unnecessary future disputes

2  on these issues, the Court rules on Intuitive's evidentiary disputes below.

3  The Court strongly encourages the parties to be reasonable and to avoid unnecessary

4  disputes going forward.

5  After reviewing the parties' briefing, the case law, the record in this case, and balancing

6  the considerations set forth in Federal Rule of Evidence 403, the Court rules as follows:

**Choice of Law**

Punitive Damages: The parties dispute whether California law or Indiana law applies to Plaintiff Donna Mendoza's claim for punitive damages (Count 5 of her First Amended Complaint, ECF No. 20). *See* JPS at 17, 22 (parties' positions). The parties agree that the states' laws conflict because Indiana caps punitive damages whereas California does not. *Id.* The parties also agree that the Court, sitting in diversity, should apply California choice of law principles. *Id.*

Ruling: Indiana law shall apply to Mendoza's punitive damages claim. Specifically, the Court rules as follows.

Indiana law applies for two reasons. First, Mendoza's surgery and injury took place in Indiana. "[U]nder California's choice-of-law principles, 'a jurisdiction ordinarily has the predominant interest in regulating conduct that occurs within its borders.'" *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 933 (9th Cir. 2019) (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 592 (9th Cir. 2012)), *cert. denied*, 141 S. Ct. 248 (2020).

Second, Mendoza is an Indiana resident. "The underlying basis" for California's products liability law is "the protection of California residents and other persons within its territorial jurisdiction from injury." *Chen v. Los Angeles Truck Centers, LLC*, 42 Cal. App. 5th 488, 498 (Ct. App. 2019), *review denied* (Feb. 26, 2020). Thus, another state's law applies where, as here, "injured persons are not California residents and were not injured in California." *Id.* This rule holds true even where, as here, the products liability defendant has its "principal place of business in California." *Id.* at 434; *accord* JPS at 17 ("Intuitive is headquartered in California."). For

2

1    instance, in *Chen*, the Court of Appeal held that Indiana products liability law rather than

2    California law would apply even though a corporate defendant was based in California. *Chen*, 42

3    Cal. App. 5th at 498. So too here as to Mendoza's punitive damages claim, which arises out of a

4    products liability suit against Intuitive. Accordingly, Indiana law applies to Mendoza's punitive

5    damages claim.

## Admissibility of Product Recall Evidence

May 2013 Recall: The parties agree that, on May 16, 2013, Intuitive recalled "all of its Version -09 and -10 MCS [monopolar curved scissors] instruments" because of the instruments' potential to cause thermal injury. JPS at 9. The parties dispute, however, whether evidence of this recall is admissible. *Id.* Intuitive moves to exclude evidence of "any recall (or any other remedial action by Intuitive) to prove negligence, culpable conduct, a defect in the product or its design, or a need for warning or instruction." *Id.* at 19 (citing Fed. R. Evid. 407).

Ruling: GRANTED IN PART and DENIED IN PART. Specifically, the Court rules as follows.

Federal Rule of Evidence 407 provides that evidence of "subsequent remedial measures" is inadmissible to prove liability. Specifically, Rule 407 provides that "when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407.

Here, Intuitive's May 2013 recall is a subsequent remedial measure under Rule 407. Mendoza's "earlier injury" allegedly occurred on October 11, 2011, the date Intuitive's MCS operated on Mendoza. JPS at 8. The subsequent recall would have made Mendoza's earlier injury "less likely to occur" because the recall was for the same product defect (microscopic cracks in the MCS) that allegedly caused Mendoza's injury. JPS at 9, 10 (describing defect and theory of injury). Thus, Intuitive's May 2013 recall is inadmissible to prove "negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407. Indeed, courts have uniformly held that subsequent recalls are inadmissible to prove liability in

3

Case Nos. 18-CV-06414-LHK
ORDER ON DISPUTES IN JOINT PRETRIAL STATEMENT

products liability lawsuits. *See, e.g.*, *Chase v. Gen. Motors Corp.*, 856 F.2d 17, 21 (4th Cir. 1988) ("the fact of recall was improperly admitted under Rule 407"); *Hughes v. Stryker Corp.*, 423 F. App'x 878, 880 (11th Cir. 2011) (excluding recall letter because it would be "evidence of subsequent remedial measures used to show product defect"); *see also Rosa v. Taser Int'l, Inc.*, 684 F.3d 941, 948 (9th Cir. 2012) (holding similarly at summary judgment).

The Court notes two caveats to its ruling, however. To start, Intuitive's motion to exclude "any recall (or any other remedial action by Intuitive)" is overbroad. Rule 407 only excludes *subsequent* remedial measures. Thus, if Intuitive took remedial actions before October 11, 2011, Rule 407 does not exclude evidence of those actions.

Moreover, depending on the parties' decisions at trial, evidence of subsequent remedial measures might be "admissible only for the purpose of assisting the jury in evaluating an expert's opinion," not "for substantive purposes." Fed. R. Evid. 703 advisory committee's note to 2000 amendment. That is, even if the "facts or data" underlying an expert's opinion testimony "would otherwise be inadmissible," the jury may still see that inadmissible evidence in two circumstances. Fed. R. Evid. 703. First, "the proponent of the opinion" may disclose the inadmissible facts or data "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. Second, if the non-proponent of the expert "elects to cross-examine [the expert] on the bases of [the expert's] opinion," the formerly inadmissible bases of the expert's opinion "would become part of the record for the jury to consider." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 247 n.14 (3d Cir. 2008) (citing Fed. R. Evid. 705).

Here, Mendoza proffers Dr. Helen Salsbury, who relied in part on "documents that relate to *da Vinci* system product recalls" to form her expert opinions. *Mendoza v. Intuitive Surgical, Inc.*, No. 18-CV-06414-LHK, 2020 WL 1976472, at *5 (N.D. Cal. Apr. 24, 2020) (denying Intuitive's *Daubert* motion against Dr. Salsbury). If Mendoza seeks to disclose those recall-related documents, Mendoza must show at trial that the documents' "probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. Alternatively, if Intuitive cross-examines Dr. Salsbury on her use of recall-related documents, those documents "would become part of the record for the jury to consider." *Pineda*, 520 F.3d at

4

Case Nos. 18-CV-06414-LHK
ORDER ON DISPUTES IN JOINT PRETRIAL STATEMENT

247 n.14. If either situation arises, the parties shall propose a limiting instruction "informing the jury that the underlying information [on the recall] must not be used for substantive purposes." Fed. R. Evid. 703 advisory committee's note to 2000 amendment; *accord Pineda*, 520 F.3d at 247 n.14 (also endorsing the use of a limiting instruction).

In sum, Intuitive's motion to exclude evidence of any recall is GRANTED IN PART and DENIED IN PART.

## Fact Witnesses

Tom Mendoza, Jr.: Intuitive states that it will move to exclude testimony from Thomas Mendoza, Jr., the husband of Plaintiff Donna Mendoza ("Ms. Mendoza") and a proffered fact witness on "Ms. Mendoza's medical condition and the damages she sustained." JPS at 11, 20. Intuitive notes that Mr. Mendoza was not disclosed under Federal Rule of Civil Procedure 26(a)(1) and argues that his nondisclosure was neither "substantially justified [n]or [] harmless." Fed. R. Civ. P. 37(c)(1).

Ruling: The Court EXCLUDES testimony from Mr. Mendoza. Specifically, the Court rules as follows.

Ms. Mendoza did not include Mr. Mendoza on her Rule 26(a)(1) disclosures. JPS at 18. "If a party fails to provide information or identify a witness as required by Rule 26(a) [], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion under Rule 37(c)(1) is 'automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.'" *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996) (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)); *accord Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("[T]he burden is on the party facing sanctions to prove harmlessness."). Following this rule, the Court has generally excluded undisclosed witnesses. *See, e.g.*, *Magadia v. Wal-Mart Assocs., Inc.*, No. 17-CV-00062-LHK, 2018 WL 6003376, at *2 (N.D. Cal. Nov. 15, 2018) (excluding undisclosed witnesses even though they

5
Case Nos. 18-CV-06414-LHK
ORDER ON DISPUTES IN JOINT PRETRIAL STATEMENT

were disclosed in declarations supporting earlier briefing); *Miranda v. U.S. Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at *5 (N.D. Cal. July 8, 2019) (excluding undisclosed witnesses even though they were "equally known to [the other party]").

Here, Ms. Mendoza has failed to show that her violation of Rule 26(a) was substantially justified or harmless. Indeed, nowhere in the Joint Pretrial Statement does Ms. Mendoza explain why Mr. Mendoza, her husband, was not disclosed. Moreover, even if Ms. Mendoza had offered an explanation, allowing Mr. Mendoza's testimony would still be highly prejudicial to Intuitive.

Mr. Mendoza would testify on key issues in the case: "Ms. Mendoza's medical condition and the damages she sustained." JPS at 11. If such testimony were allowed, Intuitive would be entitled to documentary and testimonial discovery into what Mr. Mendoza knows. *See Yeti by Molly*, 259 F.3d at 1107 (excluding undisclosed witness because opposing party is entitled to deposition). Yet the time for such discovery has long passed. Fact discovery closed on November 15, 2019. Expert discovery closed on February 7, 2020. The Court ruled on Intuitive's summary judgment motion on June 10, 2020. The Court ruled on the parties' motions in limine on May 11, 2021. The final pretrial conference is tomorrow, May 13, 2021. Trial will start in less than a month on June 11, 2021. All this time, Intuitive did not have notice that Mr. Mendoza would be called as a witness and thus did not obtain discovery from or depose Mr. Mendoza. Thus, to admit Mr. Mendoza's testimony now would prejudice Intuitive. Accordingly, the Court EXCLUDES testimony from Mr. Mendoza.

Scott Manzo: Intuitive states that it will move to quash any subpoena served on Scott Manzo. JPS at 20. Manzo is a Managing Principal Engineer for Intuitive who lives and works in Connecticut, and whom Plaintiff Donna Mendoza ("Mendoza") has included on her witness list. *Id.* at 12. Intuitive asserts that Manzo is outside the Court's subpoena power. *Id.* at 20.

Ruling: DENIED. Specifically, the Court rules as follows.

Intuitive argues that Manzo cannot be subpoenaed to testify under Federal Rule of Civil Procedure 45(c)(1)(B). That rule provides that a subpoena "may command a person to attend a trial . . . [1] within the state where the person resides, is employed, or regularly transacts business

6
Case Nos. 18-CV-06414-LHK
ORDER ON DISPUTES IN JOINT PRETRIAL STATEMENT

in person, [2] *if* the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B) (emphasis added). Intuitive argues that "Manzo resides and works in Connecticut, and this trial is in California. Moreover, he is not an officer of Intuitive." JPS at 20–21.

Intuitive's argument fails to address a way by which a subpoena to Manzo could satisfy Rule 45(c)(1)(B). Specifically, Intuitive omits (1) whether Manzo "regularly transacts business in person" in California; and (2) whether Manzo would "incur substantial expense" traveling from Connecticut to trial in San Jose, California. Fed. R. Civ. P. 45(c)(1)(B). If Manzo "regularly transacts business in person" in California and would not "incur substantial expense" traveling to San Jose, a subpoena would be proper.

Yet Intuitive's briefing is silent on these key conditions. This silence is telling given that (1) Intuitive is headquartered in California; and (2) the threshold for "substantial expense" may be many thousands of dollars. *See Garlough v. Trader Joe's Co.*, No. 15-CV-01278-TEH, 2015 WL 4638340, at *5 (N.D. Cal. Aug. 4, 2015) (noting that $20,000 would be a "substantial expense" under *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)). Furthermore, even if Manzo would "incur substantial expense," Mendoza "may pay that expense and the court can condition enforcement of the subpoena on such payment." Fed. R. Civ. P. 45(c)(1)(B) advisory committee notes to 2013 amendment. Accordingly, the Court DENIES Intuitive's motion to quash any subpoena served on Scott Manzo.

Intuitive witnesses: Intuitive states that it will move to exclude testimony from "current or former employees of Intuitive included on [Mendoza]'s proposed witness list." JPS at 21 & n.5. Intuitive argues that "[n]one of these individuals were included in [Mendoza]'s 26(a)(1) disclosures, and this failure is 'not substantially justified' and is not 'harmless.'" JPS at 21 (quoting Fed. R. Civ. P. 37(c)(1)).

Ruling: GRANTED. Specifically, the Court rules as follows.

As detailed above in the Court's ruling excluding the testimony of Mendoza's husband,

7

Case Nos. 18-CV-06414-LHK
ORDER ON DISPUTES IN JOINT PRETRIAL STATEMENT

Federal Rule of Civil Procedure 37(c)(1) excludes undisclosed witnesses unless "the party facing sanctions [] prove[s] harmlessness" or substantial justification. *Yeti by Molly*, 259 F.3d at 1107; *accord* Ruling on Tom Mendoza, Jr., *supra*. Here too, Plaintiff Donna Mendoza ("Mendoza") fails to prove that her non-disclosure is harmless or justified. Moreover, if the undisclosed witnesses' testimony were allowed, Intuitive would be entitled to documentary and testimonial discovery into what each undisclosed witness knows. *See Yeti by Molly*, 259 F.3d at 1107 (excluding undisclosed witness because opposing party is entitled to deposition). Yet the time for such discovery has long passed. Fact discovery closed on November 15, 2019. Expert discovery closed on February 7, 2020. The Court ruled on Intuitive's summary judgment motion on June 10, 2020. The Court ruled on the parties' motions in limine on May 11, 2021. The final pretrial conference is tomorrow, May 13, 2021. Trial will start in less than a month on June 11, 2021. To admit the undisclosed witnesses' testimony on the eve of trial would prejudice Intuitive. Thus, the Court GRANTS Intuitive's motion to exclude testimony from previously undisclosed current or former employees of Intuitive included on Mendoza's proposed witness list.

### Expert Witnesses

<u>Amending or supplementing expert disclosures</u>: Intuitive disputes whether Mendoza can "amend or supplement [her] expert disclosures, expert reports, or the opinion of [her] experts." JPS at 19. Intuitive argues that any amendment or supplement would be untimely and prejudicial.

<u>Ruling</u>: GRANTED. Specifically, the Court rules as follows.

Federal Rule of Civil Procedure 26(a)(2) requires the timely disclosure of expert testimony in three ways. First, Rule 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any [expert] witness it may use at trial." Second, Rule 26(a)(2)(B)(i) provides that each disclosed witness's report "must contain[] a complete statement of all opinions the witness will express and the basis and reasons for them." Third, Rules 26(a)(2)(E) and 26(e) stress that "[t]he parties must supplement these disclosures . . . in a timely manner."

Mendoza did not amend or supplement her expert reports, and the deadline for doing so was February 7, 2020—well over a year ago. Case Management Order, ECF No. 35 (setting

8

Case Nos. 18-CV-06414-LHK
ORDER ON DISPUTES IN JOINT PRETRIAL STATEMENT

"Close of Expert Discovery"). Moreover, trial is less than a month away. Order re: Trial, ECF No. 90 (setting June 11, 2021 trial date). Thus, any amendment or supplementation of expert evidence now would be untimely and prejudicial.

Accordingly, the Court GRANTS Intuitive's request to bar Mendoza from amending or supplementing her "expert disclosures, expert reports, or the opinion of [her] experts." JPS at 19.

Treating physicians: Intuitive states that it will move to exclude three treating physicians "from testifying as experts or testifying about opinions not formed during the treatment of [] Mendoza." JPS at 21. These physicians are Drs. Howard J. Marcus, Russell William Pellar, and Muhammad Kudaimi. *Id.* Intuitive argues that although "these individuals were disclosed in [Mendoza]'s 26(a)(1) disclosures as treating physicians of [] Mendoza, they were not disclosed as expert witnesses in [Mendoza]'s 26(a)(2) disclosures and should not be permitted to offer expert testimony now." *Id.*

Ruling: DENIED WITHOUT PREJUDICE. Specifically, the Court rules as follows.

Unlike the other undisclosed witnesses discussed in previous sections of this order, Drs. Howard J. Marcus, Russell William Pellar, and Muhammad Kudaimi ("Mendoza's treating physicians") were disclosed as fact witnesses. JPS at 21. Thus, Mendoza's treating physicians will be able to offer non-expert testimony at trial.

In *Goodman v. Staples The Office Superstore, LLC*, the Ninth Circuit set forth the test for when "a treating physician is transformed into an expert offering testimony on matters beyond the treatment rendered, for purposes of Rule 26 disclosures." 644 F.3d 817, 824 (9th Cir. 2011). The *Goodman* Court held that a treating physician offers *expert* opinions if those opinions were *not* "*formed during the course of treatment*." *Id.* at 826 (emphasis added). These opinions must be disclosed pursuant to Rule 26(a)(2)'s requirements. For instance, opinions based on "information provided by [the party's] attorney"—rather than medical records "reviewed during the course of treatment"—are improper without Rule 26(a)(2) disclosures. *Id.*

Here, Intuitive does not specify what testimony from Mendoza's treating physicians is

9
Case Nos. 18-CV-06414-LHK
ORDER ON DISPUTES IN JOINT PRETRIAL STATEMENT

objectionable. The Court cannot apply the *Goodman* test without more specificity. Thus, the Court defers ruling on the testimony from Mendoza's treating physicians until trial. *See also Yowan Yang v. ActioNet, Inc.*, 2016 WL 8929250, at *2 (C.D. Cal. Feb. 19, 2016) (deferring non-obvious evidentiary rulings until trial). At trial, Intuitive may object to specific testimony under *Goodman*. Accordingly, Intuitive's motion to exclude expert testimony from Mendoza's treating physicians is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: May 12, 2021

_____
LUCY H. KOH
United States District Judge